1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STACY L. WEBER and TIMOTHY J.        No.  2:15-cv-01829-JAM-AC
     WEBER,
12
                 Plaintiffs,
13                                         ORDER

         v.
14
     TMG LOGISTICS, INC., et al.,
15
                 Defendants.
16

17          This matter is before the court on defendants' motion to compel.  The parties filed

18   multiple papers in relation to the motion, contrary to Local Rule 251, including ECF Nos. 23, 29,

19   31, 32, 33, and 34.  A hearing was held before the undersigned on November 15, 2017.  ECF No.

20   35.  All parties appeared.  Id.  At the hearing, the court informed the parties it would consider

21   only the joint statement filed by the parties, ECF No. 34, and the exhibits filed at ECF 23-2 which

22   are incorporated in the joint statement.  Based on the hearing and a review of all papers filed, the

23   court GRANTS defendants' motion in part and DENIES the motion in part.

24                        **I.     Relevant Background**

25          A.      Allegations of the Complaint

26   Plaintiffs are a husband and wife, Stacy and Timothy Weber.  ECF No. 1.  Plaintiffs allege that on

27   September 6, 2013, Ms. Weber was driving northbound on Highway 99 in the County of San

28   Joaquin, California.  At the same time, defendant Davinder Sing Minhas was driving a tractor-

                                            1

trailer owned by defendant TMG logistics, following directly behind Ms. Weber. ECF No. 1 at 2.

Plaintiffs allege Mr. Minhas was driving at an unsafe speed for the conditions, failed to stop for

traffic, and struck the rear of Ms. Weber's vehicle, causing injuries and damages to plaintiffs. Id.

### B. The Claims

Plaintiffs bring only two claims for relief. Plaintiff Stacy Weber brings a claim for

personal injuries. ECF No 1 at 2. She seeks compensation for non-economic damages, all

medical and incidental expenses, all loss of earnings "according to proof," prejudgment interest,

costs of suit, and any other relief the court may deem proper. Id. at 3. Plaintiff Timothy Weber

brings a loss of consortium claim, seeking non-economic damages, prejudgment interest, costs of

suit, and any other relief the court may deem proper. Id. at 3-4.

## II. Motion to Compel

The key point of contention in this discovery dispute is what financial records are

discoverable by defendant in light of plaintiff's claim of "past and future income and/or earning

capacity loss" (ECF No. 1 at ¶10). ECF No. 34 at 6.

Defendants seek production of, essentially, three categories of documents. First,

defendants make a request for production ("RFP") of Ms. Weber's personal tax documents from

2006 to present (RFPs 21, 22). Second, defendants seek documents (financial and advertising)

related to Ms. Weber's business entities and investments (RFPs 18, 19, 20, 23, 31, 32, 33, 34, 35,

38, 39, 40). And third, defendants seek documents related to Ms. Weber's real property holdings

(RFPs 54, 55, 55(A), 56). Defendant also seeks to compel Ms. Weber to respond to one request

for admission ("RFA") which asks her to affirm that she has never been told by a medical

professional that she is unable to "work." RFA 12.

The parties have engaged in an extensive meet and confer process beginning in December

of 2016. ECF No. 34 at 5. Despite substantial meet and confer efforts, the parties have been

unable to resolve their disagreements regarding the scope of discovery and their respective

obligations in this case. Id. at 8-9.

////

////

# III.    Analysis

## A.    Standards on Motion to Compel

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad, although not unlimited. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action ... and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b). In responding to a document request, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B).

If a responding party is withholding responsive documents, its objection to the request for those documents must state that responsive documents are being withheld. Rule 34(b)(2)(C). If the responding party withholds otherwise discoverable documents under a claim of privilege, it must provide the requesting party with a privilege log. Rule 26(b)(5)(A)(ii). If a party objects to part of a document request, the objection "must specify the part and permit inspection of the rest." Id.

Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents...as requested under Rule 34." Rule 37(a)(3)(B)(iv). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." See Bryant v. Ochoa, 2009 WL 1390794 at * 1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009). The party opposing discovery is "required to carry a heavy burden of showing"

3

why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

B.     Analysis

i.     *Ms. Weber's Personal Tax Information (RFPs 21, 22)*

Plaintiffs object to production of Ms. Weber's tax returns on grounds of California's statutory tax return privilege.  Defendants contend that the privilege has been waived, and the court agrees.

Because this action is before the court on diversity jurisdiction, state law applies when analyzing claims of privilege.  See Conestoga Servs. Corp. v. Exec. Risk Indem., Inc., 312 F.3d 976, 980-81 (9th Cir. 2002) (citations omitted); Fed. R. Evid. 501.  "California courts have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns." Lindsey v. Elsevier Inc., No. 16CV00959GPCDHB, 2017 WL 4518483, at *6 (S.D. Cal. Oct. 10, 2017) (citing Schnabel v. Super. Ct., 5 Cal. 4th 704, 718-21 (1993); Weingarten v. Super. Ct., 102 Cal. App. 4th 268, 274 (2002)).  Ordinarily, a claim for lost earnings in a personal injury case would not waive the privilege on a plaintiff's tax returns.  See Palacios v. Ameriwood Indus., Inc., No. 14-CV-04066-KAW, 2015 WL 7852167, at *3 (N.D. Cal. Dec. 4, 2015).  However, the California statutory tax return privilege is not absolute and may be waived or inapplicable in certain circumstances.  Schnabel, 5 Cal. 4th at 721.  The privilege is not applicable when: (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved.  Id.  The requesting party bears the burden of demonstrating that an exception applies.  See Schnabel, 5 Cal. 4th at 721.

In this case, Ms. Weber produced numerous financial documents as part of her initial disclosures, including the following:

- 2009-2012 Federal Tax Returns for Norcal Assets LLC,

- 2009-2012 California Tax Returns Form 568 for Norcal Assets LLC,

- 2009-2012 Federal Tax Returns Form 1040 for Timothy and Stacy Weber,

- 2011-2014 Federal Tax Returns Form 1040 for Weber Realty, and

- 2009-2014 Federal Tax Return Form 1040s for Timothy and Stacy Weber

4

ECF 23-2 at ¶ 3.  This production, which was made intentionally by Ms. Weber, operates as an intentional waiver of the California tax privilege because it is a behavior inconsistent with maintaining the privacy of tax documents.  Unlike in <u>Schnabel</u>, where the court found the producing party had done "nothing inconsistent with the assertion of the privilege" and therefore had not created a waiver, 5 Cal. 4th at 721, plaintiffs affirmatively produced tax documents.  Plaintiffs argued at hearing that the initial production of tax documents was made when they intended to advance a theory of calculating Ms. Weber's lost income that they no longer intend to pursue, but neither plaintiff's motivation for the disclosure nor plaintiff's subsequent change in theories affect the waiver analysis.  Plaintiffs' partial production mandates a finding of waiver because plaintiffs cannot be allowed to produce only the portion of privileged material that they find convenient or favorable.

The court finds the tax returns to be relevant to the issues of lost income and/or earning capacity, and proportional to the needs of the case.  Accordingly, plaintiffs must make full productions in response to RFPs 21 and 22.

<em>ii.      Ms. Weber's Business Entity Information</em>

Defendants make several requests for financial and advertising documents related to Ms. Weber's business entities and investments (RFPs 18, 19, 20, 23, 31, 32, 33, 34, 35, 38, 39, 40).  As a preliminary matter, the above analysis regarding waiver and relevance applies to the tax documents of Norcal Assets and Weber Realty, and Schedule C profit and loss statements from entities from which plaintiff received income.  These documents are discoverable because plaintiff made partial productions of business tax documents.  ECF 23-2 at ¶ 3.  A selective production creates a waiver of the California tax privilege.  The documents are relevant to the issues of lost income and/or earning capacity, and proportional to the needs of the case.  Accordingly, plaintiffs must make productions in response to RFPs 19, 23, 31, 33, 34, 35.

Plaintiffs must also comply with defendants' requests for financial documents and balance sheets from entities from which Ms. Weber has received income since 2006 (RFPs 18, 20, 32).  Plaintiffs' claim that "[a]s a result of the negligence of Defendants, Plaintiff STACY L. WEBER suffered personal/bodily injuries, resulting in economic and non-economic damages.  Economic

5

damages include, but are not limited to . . . (2) past and future income and/or earning capacity loss" put those documents at issue. ECF No. 1 at 3. Ms. Weber testified that before the accident, she worked as a real estate broker and property manager for Norcal Assets, LLC, a business in which she and her husband were equal partners. ECF No. 23-2 at 19. Ms. Weber also bought and sold homes under a separate sole proprietorship, Weber Realty. Id. at 20. This is not a situation in which Ms. Weber was merely an employee of a large corporation from which she received a paycheck. The financial status of Ms. Weber's businesses weighs directly on her "income and/or earning capacity." ECF No. 1 at 3. This information is relevant and discoverable.

With respect to RFP's 38, 39 and 40, Ms. Weber responded that she is "not in possession of documents responsive" to the requests. ECF No. 34 at 27-30. In the absence of evidence to the contrary, defendant is required to accept that plaintiff does not possess responsive documents. See e.g. Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal.2014) ("Defendants cannot be required to produce documents that do not exist. Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v. Nicholas, 2014 WL 250340, *4 (E.D. Cal.2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's amended response that no such documents responsive to his request exist."). Here, defendants make no argument that plaintiffs do, in fact, have responsive documents. The court finds the current answers to RFPs 38, 39 and 40 to be sufficient.

### iii. *Ms. Weber's Real Property Holdings*

Plaintiffs must make productions in response to RFPs 54, 55, 55(A), and 56, which seek information on Ms. Weber's real estate holdings. As discussed above, the scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir.1998). The analysis above applies here as well; because plaintiff earned her income owning, buying, and

selling properties, her property holdings are relevant to her lost earnings/income claim.  ECF No. 1 at 3.  Ms. Weber's property ownership income cannot fairly be categorized as unrelated "investment" information as plaintiffs allege.  See ECF No. 23-2 at 19-22.  Ms. Weber must make productions in response to RFPs 54, 55, 55(A), and 56.

*iv.*     *Response To RFA 12*

Ms. Weber's response to RFA 12 is inadequate.  "The purpose of Rule 36(a)[, which allows a party to request admissions,] is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).  The rule provides that a matter may be deemed admitted if an responding party does not submit a proper answer to an RFA.  F.R.C.P 36(a).  "It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states.  It is also clear that an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission.  Asea, Inc., 669 F.2d at 1245.

RFA 12 asks Ms. Weber to admit that "no medical professional" has ever told her that she can "no longer work" as a result of the incident at the heart of this case.  ECF No. 34 at 38.  Ms. Weber objects that this RFA is vague, and states that no response can be provided while referring defense counsel to the testimony of Dr. Nagy-Wilde and Dr. Jonson.  Id.  A responding party cannot refuse to answer an RFA on the ground that the request is ambiguous unless the request is so ambiguous that the responding party cannot, in good faith, provide a response.  See Marchand v. Mercy Medical Ctr., 22 F.3d 933, 938 (9th Cir.1994) (a responding party "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted").  Upon review, the RFA is not vague, but Ms. Weber's answer is.  There is no apparent reason that Ms. Weber cannot admit or deny the RFA to the "fullest extent possible."  Rather than the extreme remedy of deeming the fact admitted, plaintiffs are ordered to revise their answer to RFA 12 to include a proper admission or denial, which may include a limiting explanation.

### III.    Conclusion

For the reasons explained above, it is hereby ordered that defendant's motion to compel, ECF No. 23, is GRANTED in part and DENIED in part as follows:

    a.  Defendants' motion is GRANTED with respect to RFA 12 and plaintiffs must provide a clarified admission or denial;

    b.  Defendants' motion is GRANTED with respect to RFPs  21, 22, 18, 19, 20, 23, 31, 32, 33, 34, 35, 54, 55, 55(A), and 56 and plaintiffs must make complete productions; and

    c.  Defendants' motion with respect to FRPs 38, 39 and 40 is DENIED.

IT IS SO ORDERED.

DATED: November 22, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE