| | |
|---|---|
| STACY L. WEBER and TIMOTHY J. WEBER, <br><br> Plaintiffs, <br><br> v. <br><br> TMG LOGISTICS, INC., and DAVINDER SINGH MINHAS, <br><br> Defendants. | NO. 2:15-CV-01829 WBS <br><br> <u>ORDER RE: PLAINTIFF'S BILL OF COSTS AND DEFENDANTS' MOTION FOR COSTS</u> |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

----oo0oo----

Before the court are plaintiff's Bill of Costs (Docket No. 187) and defendants' Motion for Costs (Docket No. 183). The court entered judgment for plaintiff after a jury verdict in the amounts of $15,682.55 for past medical expenses, $70,220.00 for future medical expenses, $20,000 for past non-economic damages, and $200,000 for future non-economic damages, for a total of $305,902.55. However, defendants made an offer of settlement under Federal Rule of Civil Procedure 68 ("Rule 68") for

1

$750,001.00 to plaintiff on April 5, 2018, which plaintiff did not accept. Plaintiff now seeks costs incurred before the Rule 68 offer, and defendants seek costs incurred after the Rule 68 offer.

I.   Legal Standards

   A.   Rule 54

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("Rule 54(d)(1)") and Local Rule 292 govern the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523.

   B.   Rule 68

Under Rule 68, a party defending a claim may serve on

the opposing party an offer to allow judgment at least 14 days before the date set for trial.  If the offer is not accepted and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68. "The award is mandatory; Rule 68 leaves no room for the court's discretion." Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1026 (9th Cir. 2003) (citation omitted).  However, Rule 68 "is not designed to affect the plaintiff's recovery of pre-offer costs" and denying costs incurred before a Rule 68 offer "based on a plaintiff's rejection of [the] Rule 68 offer would interfere with the incentive scheme created by Rule 68." Id. at 1024.

II. Analysis

A. Plaintiff's Bill of Costs

As an initial matter, it is clear that plaintiff is a "prevailing party" under Rule 54, having received a jury verdict for $305,902.55.  While plaintiff requested that the jury award a substantially higher amount, this award is nevertheless significant, and therefore the court will not deny plaintiff's costs due to the disparity between the amount awarded and the amount requested.  Also, while defendants argue that plaintiff should not receive costs related to her alleged lumbar and cervical spine injuries and loss of wages or earning capacity, defendants cite no authority, and the court is unaware of any, which would allow the court to reduce costs for a prevailing plaintiff based on that plaintiff's failure to succeed on certain of her damages claims.

Defendants also argue that the court should deny plaintiff costs because (1) plaintiff's Bill of Costs was one day late, and (2) plaintiff's jury award was substantially less than what she would have received had she accepted defendants' Rule 68 offer. Neither ground justifies a denial of costs in this case. First, plaintiff explains that her counsel made an innocent calendaring error which caused her to file her Bill of Costs late. The court will not disallow costs in their entirety based on a one-day, inadvertent delay which did not cause any prejudice to defendants. Second, as discussed by <u>Champion Produce</u>, 342 F.3d at 1024, a prevailing plaintiff's rejection of a Rule 68 offer does not justify a denial of costs incurred before the Rule 68 offer was made.[1] Accordingly, the court will award plaintiff costs incurred before the Rule 68 offer.

Plaintiff has requested $14,201.87 in costs that were actually and necessarily incurred, including fees of the Clerk, fees for service of summons and subpoenas, fees to obtain transcripts, witness fees, and fees for copies of materials. After reviewing the bill, and in light of the fact that

---

[1] The Ninth Circuit in <u>Champion Produce</u>, 342 F.3d at 1024, reasoned that denying pre-offer costs based on the rejection of a Rule 68 offer "would interfere with the incentive scheme created by Rule 68":

> If a Rule 68 offer that exceeds the judgment ultimately obtained at trial not only prohibits the plaintiff from recovering costs incurred after the date of the offer, but also justifies the denial of the plaintiff's pre-offer costs, the defendant will have less incentive to make an offer early. Plaintiffs, on the other hand, will feel more pressure to accept a Rule 68 offer, for fear of not only losing their post-offer costs pursuant to Rule 68 but also their pre-offer costs pursuant to Rule 54(d).

4

defendants have not objected to any specific item in plaintiff's Bill of Costs, the court finds the requested costs to be reasonable and will allow costs in the amount of $14,201.87 for plaintiff.

B. <u>Defendants' Bill of Costs</u>

The parties appear to agree that defendants' offer to settle the case for $750,001.00 complied with the requirements of Rule 68 such that defendants are entitled to costs incurred after the Rule 68 offer. However, plaintiff contends that the specific costs requested are not properly documented or are improper, unnecessary, or unreasonable.

As an initial matter, while parties typically attach underlying invoices from vendors for items in bills of cost, and some courts appear to require such documentation, Rule 54 does not specify any particular required documentation, and Local Rule 292 requires only that "[t]he cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred." Accordingly, the court will not deny costs based on defendants' failure to attach underlying invoices for items such as deposition transcripts and copies.[2]

---

[2] The court, does, however, admonish defendants in the future to attach documentation that is readable and which breaks down expenses so that the court may easily review the bill of costs. Defendants' charts listing expenses for deposition transcripts and exemplification and copies are almost impossible to read, even after magnifying the text in the PDF of the filing. Further, defendants list a total for witness Kerry Knapp's expenses without breaking down the components of these expenses, forcing the court to parse out the individual items in order to

5

Moving to the individual items on the Bill of Costs, defendants request $3,553.25 for transcripts, including certified copies, reprints, and copies. However, all of the costs billed for deposition transcripts involve depositions that took place before defendants' Rule 68 offer. In other words, these expenses were not necessarily incurred after that date, as Rule 68 requires. The remaining transcripts billed by defendants are for pretrial or trial transcripts. However, defendants provide no justification, and the court is unaware of any, why obtaining these transcripts was necessary. Accordingly, the court declines to award costs for the transcripts listed on defendants' Bill of Costs.

Defendants also request $1,045.04 for copies. After reviewing this request and the supporting documentation, and in light of the fact that plaintiff has not specifically objected to the individual items billed for exemplification and copies in defendants' Exhibit E (Docket No. 183-8), the court finds the requested costs to be reasonable. Accordingly, costs of $1,045.04 for exemplification and copies will be allowed for defendant.

Defendants also request mileage in the amount of $94.29 for James Soong, $119.36 for Max Wintermark, $27.25 for Peter Sfakianos, $130.26 for Wei Chiu, and $13.08 for Karen Preston, as well as witness appearance fees of $40.00 for each these witnesses.[3] The court finds these expenses were necessarily

---

determine which specific expenses defendants included on the Bill of Costs.

[3] These mileage amounts correspond to the current federal

incurred and properly documented, and the court will allow a total of $200.00 in witness fees and $384.24 in mileage for these witnesses.

Defendants also request $1,190.62 for travel expenses and witness fees for witnesses Kerry Knapp and Bernard Bacay. The court notes that Bacay was not called as a witness, and therefore the court will not award costs for his witness fee or travel expenses. With regard to Kerry Knapp, the court will grant costs in the amount of $40 for his witness fee and $128 for his hotel expense, which is the maximum allowed GSA rate for hotels in Sacramento. Defendants have not explained what Knapp's "transportation" expense for $63 entailed and the court will not allow that cost.

With regard to Knapp's airline ticket, Rule 54(d) and Local Rule 292 apply the provisions of 28 U.S.C. § 1821, which states in pertinent part, "[a] witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled . . . . Such a witness shall utilize a common carrier at the most economical rate reasonably available." 28 U.S.C. 1821(c)(1).

Here, while it is true that plaintiff's counsel was able to locate fares online that are less expensive than the fare purchased by Knapp, "the prevailing price of airline tickets varies with the season, the time of week, the time of day, the number and extent of layovers, and the whims of the airlines" and

---

mileage rate of $.545 per mile.

7

"it would be inappropriate to speculate that [defendants'] proffered fare[] could have been reasonably obtained" by defendants' witness. See Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr., 646 F. Supp. 2d 1206, 1220 (E.D. Cal. 2009) (Shubb, J.) (citing MEMC Elec. Materials v. Mitsubishi Materials, No. 01-4925, 2004 WL 5361246, at *8 (N.D. Cal. Oct. 22, 2004) ("Although Expedia.com lists somewhat lower economy airfares, there is no evidence in the record that these fares were in effect or 'reasonably available' at the time the witnesses came to Detroit, and Defendants have presented evidence that these were their 'actual' expenses.")0. Having reviewed the documents submitted by defendant, the court finds that the $826.59 charged for Knapp's airfare is not unreasonable and should be allowed.

Offsetting plaintiff's cost award for $14,201.87 by defendants' cost award for $2,623.87, plaintiffs are entitled to a total of $11,578.00 in costs.

IT IS THEREFORE ORDERED that total costs of $11,578.00 are allowed for plaintiff and are hereby taxed against defendants.

Dated: September 21, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE