UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STACY L. WEBER and TIMOTHY J. WEBER,<br><br>    Plaintiffs,<br><br>    v.<br><br>TMG LOGISTICS, INC., and DAVINDER SINGH MINHAS,<br><br>    Defendants. | NO. 2:15-CV-01829 WBS<br><br><br><br>ORDER RE: MOTION FOR ATTORNEYS' FEES AND COSTS |

----oo0oo----

Before the court is defendants' Motion for Attorneys' Fees and Costs filed August 9, 2018. (Docket No. 185.) Under Federal Rule of Civil Procedure 37(c)(2), a court may award reasonable expenses, including attorney's fees, where "a party fails to admit what is requested" under a request for admission "if the requesting party later proves . . . the matter true." The court must award such expenses unless (1) the request was properly objected to, (2) "the admission sought was of no

1

substantial importance," (3) "the party failing to admit had a reasonable ground to believe that it might prevail on the matter," or (4), "there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2). "In determining whether a party reasonably believed it might prevail for purposes of Rule 37(c)(2), the true test is 'not whether [the] party prevailed at trial but rather whether [it] acted reasonably in believing that [it] might prevail.'" Paradise Nw., Inc. v. Randhawa, No. 2:09-cv-02027-MCE-DAD, 2014 WL 3867426, at *2 (E.D. Cal. Aug. 6, 2014) (citation omitted).

      Defendants claim that they are entitled to attorney's fees and expenses under Rule 37(c)(2) based on plaintiff's failure to admit that she did not sustain lost wages or loss of earning capacity. The court agrees that the evidence at trial tended to show that plaintiff did not in fact sustain lost wages or loss of earning capacity as a result of the accident, as found by the jury. Nevertheless, plaintiff did produce some evidence tending to show that she would or could have earned more had she not suffered the alleged injuries she claims were caused by the accident at issue in this case. In essence, plaintiff argued that while her family's income may not have decreased in the years after the accident, it would have increased more had she been able to continue with her real estate investing work fully as she had before the accident, or if she was not precluded from doing other work in the future she may have otherwise been qualified to perform.

      The court notes that the determination of whether plaintiff suffered lost income or loss of earning capacity hinged

in part on the jury's credibility determination as to plaintiff and plaintiff's witnesses, who testified that she was unable to continue her prior real estate work after the accident due to her physical and mental condition.  Plaintiff also supported her loss of income and loss of earning capacity claims with expert testimony.  Under these circumstances, plaintiff's evidence, while ultimately not persuasive, was a sufficient basis for a reasonable belief that she would prevail at trial on her lost wages and loss of earning capacity claims.[1]  Accordingly, the court will deny defendants' request for attorney's fees and expenses.

IT IS THEREFORE ORDERED that defendants' Motion for Attorneys' Fees and Costs (Docket No. 185) be, and the same hereby is, DENIED.

Dated: October 9, 2018

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, even assuming that plaintiff did not have a reasonable basis for her lost wages and loss of earning capacity claims, several of the claimed fees and expenses do not appear to be incurred solely as a result of defending these claims.  (See, e.g., Mot. Ex. J at 20-22 (billing entries for trial time related to Stacy and Timothy Weber).)

3